UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOSE R. LUNA,<br><br>        Plaintiff,<br><br>    vs.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE CO.,<br><br>        Defendant. | 2:15-cv-01104-RCJ-NJK<br><br>ORDER |

This case arises out of an insurer's alleged breach of an underinsured motorist policy. Pending before the Court is a motion to remand.

## I.    FACTS AND PROCEDURAL HISTORY

On or about October 13, 2011, Plaintiff Jose R. Luna was involved in an automobile collision with a non-party in Las Vegas, Nevada, causing Plaintiff injury, pain, suffering, and loss of earning capacity. (*See* Compl. ¶¶ 1, 7–12, ECF No. 1-1).  Plaintiff had incurred medical expenses of $60,378.15 at the time he filed the Complaint and expected to incur more medical expenses in the future. (*See id.* ¶ 16).  At the time of the collision, Plaintiff was insured by Defendant State Farm Mutual Automobile Insurance Co. under Policy No. 047 2348-B07-28B (the "Policy"). (*Id.* ¶ 14).  The Policy included an uninsured/underinsured motorist provision (the "UIM Provision") for $25,000 per person and $50,000 per occurrence, but Defendant rejected

Plaintiff's demand to pay the $25,000 policy limits under the UIM Provision, offering only $7,800. (*Id.* ¶¶ 15, 17–20).

Plaintiff sued Defendant in state court for: (1) breach of contract; (2) contractual breach of the implied covenant of good faith and fair dealing; (3) tortious breach of the implied covenant of good faith and fair dealing ("insurance bad faith"); (4) unfair claims practices under Nevada Revised Statutes section ("NRS") 686A.310; (5) declaratory relief; and (6) punitive damages.  Defendant removed and moved for summary judgment against all claims but the first.  The Court granted the motion as against the claims for contractual breach of the implied covenant of good faith and fair dealing, unfair claims practices under NRS 686A.310(b), and declaratory judgment.  The Court denied the motion as against the claims for insurance bad faith, unfair claims practices under NRS 686A.310(e), and punitive damages.  The Court indicated that it would be inclined to reconsider as against those claims if Defendant could provide unrebutted evidence of its claim that Plaintiff's medical providers had forgiven the $41,097.86 of Plaintiff's medical bills that worker's compensation did not cover, but Defendant had attached no such evidence to the motion.  Defendant later adduced such evidence via a motion to reconsider, and the Court granted the motion, leaving only the breach of contract claim for trial.  Plaintiff has asked the Court to remand.

## II.   DISCUSSION

Plaintiff argues that the Court has lost diversity jurisdiction, because the remaining breach of contract claim does not satisfy the amount in controversy requirement under 28 U.S.C. § 1332(a).  The argument is contrary to binding authority.  "Jurisdiction on diversity grounds existing at the commencement of an action is not divested by a subsequent reduction of the amount in controversy below the jurisdictional minimum." *Ne. Clackamas Cnty. Elec. Coop. v. Cont'l Cas. Co.*, 221 F.2d 329, 332 (9th Cir. 1955) (citing *St. Paul Mercury Indem. Co. v. Red*

*Cab Co.*, 303 U.S. 283 (1938)). "Events occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction." *St. Paul Mercury Indem. Co.*, 303 U.S. at 289–90.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Remand (ECF No. 33) is DENIED.

IT IS SO ORDERED.

Dated January 4, 2017.

_____
ROBERT C. JONES
United States District Judge